UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOSHUA STANHOPE,

           Plaintiff,

v.

ANYA ALEXANDER and MICHAEL BEAZLEY,
in their personal capacities,

           Defendants.

Case No. 2:25-CV-23

Hon. Paul L. Maloney

_____

## JOINT STATUS REPORT
_____

Per the Court's *Order Setting Rule 16 Scheduling Conference* dated May 22, 2025, ECF 13, the parties, through their respective counsel, submit the following Joint Status Report.

A Rule 16 Scheduling Conference is scheduled for June 18, 2025, at 2:30 p.m. E.S.T., before the Hon. Maarten Vermaat, United States Magistrate Judge. Appearing for the parties as counsel will be:

- **Sarah Riley Howard** (P58531) for Plaintiff Joshua Stanhope ("Plaintiff").
- **Cameron D. Ritsema** (P86887) for Defendants Anya Alexander and Michael

1

4934-5984-2379_1

Beazley (collectively, "Defendants").

1. **Jurisdiction.** The basis for the Court's jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. (Plaintiff's EEOC charge is pending, and Plaintiff intends to amend the complaint to include companion Title VII claims once the right-to-sue letter issues.) There is no individual liability under Title VII and Defendants will object to the extent that an EEOC Charge is filed against the individuals and/or Plaintiff seeks to amend the Complaint to state a Title VII claim against Defendant Alexander and/or Defendant Beazley.

2. **Jury or Non-Jury.** This case is to be tried before a jury.

3. **Judicial Availability.** The parties do not agree to having a United States Magistrate Judge conduct proceedings in this case.

4. **Geographic Transfer.** The parties agree that transfer for geographic convenience is not warranted in this case.

5. **Statements of the Case.** This case involves:

    (a) **Plaintiff's statement of the case, including facts to be proven in litigation**: Plaintiff worked for Lake Superior State University from August 1, 2023 until July 1, 2024 as the Director of Housing and Residence Life. His supervisor was Defendant Anya Alexander. She is a black female and he is a white male.

    Plaintiff's direct reports confirmed that Defendant Alexander coached them to ignore Plaintiff's directives and undermine him. She blamed him publicly for a housing budget deficit caused by his predecessor, was abusive to him at work, and complained to him for a significant number of hours each week.  She acknowledged that she was abusive to him but told him she would not stop.

    In approximately May 2024, Defendant Alexander complained to Plaintiff about white males, including him. She made the unusual demand that going forward he use a "safe word" to signal to her if he needed protection from her abuse. He then made a formal complaint of discrimination to HR. In response, HR named Defendant Beazley as his supervisor. However, Defendant Beazley did not take over Plaintiff's supervision. Plaintiff's discrimination complaint made Defendant Alexander's behavior worse. Defendant Beazley then fired Plaintiff in July 2024 for pretextual reasons.

    After Plaintiff was fired, Defendant Beazley fired three resident advisors who complained to Defendant Beazley about Defendant Alexander's behavior to Plaintiff. Three additional resident advisors met with Defendant Beazley and LSSU's HR director about Defendant Alexander's poor management. They resigned in frustration when Defendant Beazley continued to do nothing. LSSU's HR director then left employment with LSSU in February 2025. LSSU later terminated Defendant Beazley and Defendant Alexander.

    Defendants Beazley and Alexander retaliated against Plaintiff for reporting discrimination and created a hostile work environment based at least in part on Plaintiff's race and sex, in violation of state discrimination law.

(b)   **Defendants' statement**: Defendants did not discriminate or retaliate against Plaintiff under the Elliott-Larsen Civil Rights Act (or under any other law or statutory framework), nor did Defendants subject Plaintiff to a hostile work environment under any law or statutory framework. Plaintiff's job performance was unsatisfactory. Specifically, Plaintiff's employer, Lake Superior State University, determined that Plaintiff exhibited a pattern of poor performance, including but not limited to poor communication and performance deficiencies, which had been previously documented and communicated to Plaintiff in a three-month performance evaluation by Defendant Alexander. Plaintiff's poor performance continued after the evaluation, including during the period of time that Plaintiff reported to Defendant Beazley. Lake Superior State University terminated Plaintiff on or about July 1, 2024 based upon legitimate, non-discriminatory and non-pretextual reasons.

6. **Pendent State Claims.** This case currently has only state law claims under diversity jurisdiction.

7. **Joinder of Parties and Amendment of Pleadings.** Plaintiff anticipates amending his pleadings to add Lake Superior State University as a Defendant and to add parallel federal discrimination claims against all Defendants once the EEOC right-to-sue letter issues. Any motions to amend by either party will be filed by Friday, August 1, 2025, except that motions to amend to add federal claims will be filed within 14 days of the EEOC's issuance of a right-to-sue letter.

8. **Disclosure and Exchanges.**

    (a)  Fed. R. Civ. P. 26(a)(1) requires initial disclosures, including any lay witness identification, unless the court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: Fed. R. Civ. P. 26(a)(1) disclosures are due Friday, **August 1, 2025**.

    (b)  Plaintiff will disclose experts by Friday, **September 12, 2025**. Defendants will disclose experts by Friday, **October 10, 2025**.

    (c)  It would be advisable in this case to exchange written expert witness report(s) as contemplated by Fed. R. Civ. P. 26(a)(2). The parties propose Plaintiff's report(s) by Friday, **January 30, 2026,** and Defendants' report(s) by Friday, **February 27, 2026.**

    (d)  The parties have agreed to exchange documents in formal discovery.

9. **Discovery**. The parties believe that all fact discovery proceedings can be completed by Friday, **February 27, 2026,** and all expert discovery can be completed by Friday, **March 27, 2026**. The parties recommend the following plan:

> Discovery requests will conform with limits under the Federal Rules of Civil Procedure.
>
> Depositions will be limited to 10 noticed per party, each no more than 7 hours in duration.

10. **Disclosure of Discovery of Electronically Stored Information**. The parties have discussed the production of electronically stored information, and they will confer in a good faith effort to agree upon the most appropriate way to produce such information as needed. The parties have agreed that all documents produced in this case will be Bates-stamped.

11. **Assertions of Claims of Privilege or Work-Product Immunity After Production**. The parties agree that any privileged communications occurring after the commencement of this action need not be included on a privilege log. Any documents subject to the attorney/client privilege and/or work-product doctrine that are inadvertently disclosed to the opposing party shall be immediately returned to the disclosing party, with or without a request from the disclosing party. Any such disclosure shall not constitute a waiver. If either party attempts to use a document which the other party believes to be privileged, the party claiming privilege or work product immunity shall notify the opposing party that it is invoking the privilege

and/or the work product immunity doctrine and the documents shall be immediately returned to the disclosing party.

12. **Motions.** The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1d. The parties anticipate that all dispositive motions will be filed by Friday, **April 10, 2026**. The following dispositive motions are contemplated:

- Cross Motions for Summary Judgment.

13. **Alternative Dispute Resolution.** In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. The parties wish to discuss the timing for a mediation conference with the judge and will be prepared to do so at the Rule 16 conference. If early mediation is not successful, the parties wish a **settlement conference** with Magistrate Vermaat in **February 2026.**

14. **Length of Trial.** Counsel estimate that the trial will last approximately 4 days total, allocated as follows: 2 days for Plaintiff's case and 2 days for Defendants' case.

15. **Prospects for Settlement.** The parties exchanged initial settlement offers in approximately January 2025 but were far apart in their demands. Attorneys for Defendants have not received any additional settlement authority since

that exchange but have requested legal authority from Plaintiff's counsel about one element of Plaintiff's damages claim. Discussions are continuing informally.

16. **Electronic Document Filing System**. Counsel are familiar with W.D. Michigan L. Civ. R 5.7(a) regarding the filing and serving of all documents by means of the Court's CM/ECF System.

17. **Other**. N/A

                                              **PINSKY SMITH PC**
Attorneys for Plaintiff

Dated: June 11, 2025    By:    /s/ Sarah Riley Howard
Sarah Riley Howard (P58531)
Pamela K. Bratt (P45728)
146 Monroe Center, N.W., Suite 418
Grand Rapids, MI 49503
(616) 451-8496
showard@pinskysmith.com

**BODMAN PLC**
Attorneys for Defendants

Dated: June 11, 2025    /s/ Cameron D. Ritsema by SRH with perm.
Gary S. Fealk (P53819)
201 W. Big Beaver, Suite 500
Troy, MI 48084
(248) 743-6060
gfealk@bodmanlaw.com

Cameron D. Ritsema (P86887)
99 Monroe Ave NW, Suite 300
Grand Rapids, MI 49503
(616) 205-4330
critsema@bodmanlaw.com

4934-5984-2379_1