UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSHUA STANHOPE,                              Case No. 2:25-cv-23

              Plaintiff,                     Hon. Paul L. Maloney
v.                                            U.S. District Judge

ANYA ALEXANDER
AND MICHAEL BEAZLEY,

              Defendants.
_____/

## CASE MANAGEMENT ORDER

Pursuant to the Rule 16 Scheduling Conference conducted in this matter, the parties will be subject to the following deadlines and limits:

| | | |
|---|---|---|
| Trial Date<br>Hon. Jane M. Beckering<br>Marquette, MI | | November 30, 2026<br>9:00 a.m. |
| Jury or Non-Jury | | Jury |
| Estimated Length of Trial | | 4 days |
| Motions to Join Parties or Amend Pleadings[1] | | August 1, 2025 |
| Rule 26(a)(1) Disclosures | Plaintiff:<br>Defendant: | August 1, 2025<br>August 1, 2025 |
| Disclose Name, Address and Area of Expertise of Expert Witnesses (Rule 26(a)(2)(A)) | Plaintiff:<br>Defendant: | September 12, 2025<br>October 10, 2025 |
| Disclosure of Expert Reports<br>Rule 26(a)(2)(B) or 26(a)(2)(C) | Plaintiff:<br>Defendant: | January 30, 2026<br>February 27, 2026 |
| Voluntary Exchange of Documents | | |
| Completion of Discovery | | March 27, 2026 |
| Dispositive Motions | | May 15, 2026 |
| Interrogatories will be limited to:<br>(Single Part Questions) | | 25 single part questions |
| Depositions will be limited to:<br>(Fact Witnesses Per Party) | | 10 per party |
| Requests for Admission will be limited to:<br>(Per Side) | | per side |
| Motions in Limine | | November 2, 2026 |
| Settlement Conference | | November 2, 2026 at 1:30 p.m. |

---

[1] Any motion to amend to add federal claims shall be filed within 14 days of the EEOC's issuance of a right-to-sue letter.

| | |
|---|---|
| Final Pretrial Conference | November 16, 2026 at 1:30 p.m. |
| ADR To Take Place On or Before: | To be discussed at next status conference |

1. <u>TRIAL DATE</u>:  This case is scheduled for trial as set forth above.

2. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>:  All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

3. <u>DISCLOSURES AND EXCHANGES</u>:  Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4. <u>COMPLETION OF DISCOVERY</u>:  All discovery proceedings shall be completed no later than the date set forth in the table above and shall not continue beyond this date.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above.  Depositions will be limited as set forth in the table above.  There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5. <u>MOTIONS</u>:

    a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3. In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b. Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.

    c. Motions in limine shall be filed by the date set forth in the table above.

6. <u>ALTERNATIVE DISPUTE RESOLUTION</u>: To be discussed at next status conference.

7. <u>SETTLEMENT CONFERENCE</u>: The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled before the Honorable Maarten Vermaat on the date set forth above. This conference will be done by video.

    a. <u>Persons Required to Attend</u>. Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority. The person with settlement authority must come cloaked with authority to accept, without further contact with another person, the settlement demand of the opposing

party. An insured party shall also appear by a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand. W.D.Mich. LCivR 16.6.

      b. <u>Settlement Letter to Opposing Party</u>. A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver, fax or e-mail copies of these letters to the chambers of the magistrate judge conducting the conference no later than three (3) business days before the conference. Do not file copies of these letters in the Clerk's Office.

      c. <u>Confidential Settlement Letter to Court</u>. In addition, three (3) business days before the conference, each party or their attorney shall submit to the magistrate judge conducting the conference a confidential letter concerning settlement, not to exceed five (5) pages including exhibits. These settlement letters shall be mailed directly to the Hon. Maarten Vermaat at P.O. Box 698, Marquette, Michigan 49855, or emailed to vermaatmediation@miwd.uscourts.gov and should not be directed to the Clerk's Office. A copy of this letter need not be provided to any other party. All information in the settlement letter shall remain confidential and

4

will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

8. <u>FINAL PRETRIAL CONFERENCE</u>: A final pretrial conference is hereby scheduled on the date set forth above. This conference will be done by video.

9. <u>PREPARATION OF PROPOSED FINAL PRETRIAL ORDER</u>: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed three (3) business days prior to the final pretrial conference in the following form:

> A final pretrial conference was held on the ___ day of _____.
> Appearing for the parties as counsel were:
>
> (List the counsel who will attend the pretrial conference.)

1) <u>Exhibits</u>: The following exhibits will be offered by the plaintiff and the defendant:

(List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number. Plaintiff shall use numbers; defendant shall use letters. Indicate with respect to each exhibit whether and for what reason its admissibility is objected to. Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. See Fed. R. Civ. P. 26(a)(3)(B).)

2) <u>Uncontroverted Facts</u>: The parties have agreed that the following may be accepted as established facts:

(State in detail all uncontroverted facts.)

3) <u>Controverted Facts and Unresolved Issues</u>: The factual issues remaining to be determined and issues of law for the Court's determination are:

> (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4) <u>Witnesses</u>:

   a. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone

numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

  b. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5) <u>Depositions and Other Discovery Documents</u>: All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

   (Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation

7

>need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6) <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ days, total, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7) <u>Prospects of Settlement</u>: The status of settlement negotiations is:

>(Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

A copy of the Final Pretrial Order shall be emailed to the Court in Word format at least three business days prior to the final pretrial conference to vermaatmediation@miwd.uscourts.gov.

10. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects or shall be accompanied by a representative of the party with such authority.

11. <u>PREPARATION FOR TRIAL</u>:

    a. Each party shall file the following not later than three (3) business days prior to the commencement of the trial:

        i. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

        ii. Trial briefs.

    b. The parties shall ***jointly*** file the following not later than three (3) business days prior to trial:

        i. Joint proposed jury instructions. The Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions are available on the Court's website (www.miwd.uscourts.gov).[1] Instructions shall be submitted in full text, one per page, in the order that you propose they be given to the jury and shall include reference to the source of each requested instruction. Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection. The parties shall review the presiding judge's guidelines regarding jury instructions.

        ii. A joint statement of the case and statement of the elements that must be proven by each party. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The statement(s) of the case will be read to the prospective

jurors during jury selection. The elements that must be proven by each party will be included in the preliminary jury instructions.

If any of the procedures or deadlines in this order conflict with a particular District Judges' guidelines or provisions on the Court's website, the Judges' specific instructions control.

IT IS SO ORDERED.


Date:  June 20, 2025                              /s/ Maarten Vermaat
                                                  Maarten Vermaat
                                                  United States Magistrate Judge